# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2519 | **DATE** | 6/12/2008 |
| **CASE TITLE** | Kimberly Ann Rothunde (R-38467) v. Witherspoon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current *in forma pauperis* application [3] is incomplete and is denied without prejudice to Plaintiff submitting a completed application within 30 days from the date of this order. Alternatively, Plaintiff may pay the $350 filing fee. Failure to comply with this order within 30 days will result in dismissal of this case. The clerk is directed to send to Plaintiff another *in forma pauperis* application. The clerk is also directed to send a copy of this order to Plaintiff and to the Dwight Correctional Center trust fund account office. Officials at Plaintiff's current or prior place of confinement are directed to fill out the certificate on the last page of the application and provide Plaintiff with a copy of her trust fund account statement. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff Kimberly Rothunde, currently confined at Dwight Correctional Center, has filed this 42 U.S.C. § 1983 suit against Lake County Jail officers. She alleges that Officer Oberg retaliated against Plaintiff for having filed grievances. Plaintiff's *in forma pauperis* application is incomplete, as it contains neither a completed certificate from an authorized officer stating the average balance and deposit in Plaintiff's trust fund account, nor a copy of Plaintiff's trust fund account statement. The issue of the filing fee must be resolved before this Court can conduct a preliminary review of the complaint to determine whether it should proceed forward.

Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to proceed with her complaint. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from her prison or jail trust fund account as additional partial payments until the entire filing fee is paid. This Court requires that inmates seeking leave to file *in forma pauperis* file their motions on a prescribed form. Local Rule 3.3. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for this Court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. Accordingly, the current application is denied without prejudice to Plaintiff submitting a completed application within 30 days of the date of this order. The clerk is directed to forward an *in forma pauperis* application to Plaintiff. Because Plaintiff states on the certificate portion of her application that the "[Lake County] jail will not sign without a court order," the Court directs the trust fund account officers at Plaintiff's current or prior place of confinement to fill out the certificate section of the application and provide Plaintiff with a copy of her trust fund account statement. The clerk shall forward a copy of this order to the trust fund office at Dwight Correctional Center.
**(CONTINUED)**

isk

**STATEMENT**

    To proceed with this action, Plaintiff must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, and include a certificate from an authorized officer and a copy of her trust fund account showing all activity therein for the six-month period immediately preceding the filing of the instant suit. Failure to comply with this order within 30 days will result in dismissal of this action.

    The court denies without prejudice Plaintiff's motion for the appointment of counsel. Plaintiff has not demonstrated that she has attempted unsuccessfully to obtain representation or that she was effectively precluded from making such efforts. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, Plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and her complaint demonstrates her ability, at least at this stage, to present her claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).