# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2519 | **DATE** | 7/14/2008 |
| **CASE TITLE** | Kimberly Ann Rothunde (R-38467) v. Witherspoon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* [9] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $3.00 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Dwight Correctional Center. The clerk is directed to issue summonses for Defendants Lake County Jail Officers Oberg, Mercado, Mic, and Dixon. The U.S. Marshals Service is appointed to serve these defendants. Lake County Jail Chief Witherspoon, Lake County Jail, and the John Doe defendants are dismissed as a defendants. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Kimberly Rothunde ®-38467), an inmate currently incarcerated at Dwight Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Lake County Jail Officers Oberg, Mercado, Mic, and Dixon. Plaintiff also names Lake County Chief Witherspoon, Lake County Jail, and several John Doe defendants. Plaintiff asserts that, while she was incarcerated at Lake County Jail, Officers Oberg, Mic, Dixon, and Mercado harassed and retaliated against Plaintiff for having filed grievances.

The Court finds that Plaintiff is unable to prepay the filing fee and grants her motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.00. The supervisor of inmate trust accounts at the Dwight Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and the Dwight inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action against Officers Oberg, Dixon, Mic, and Mercado. Plaintiff states that these defendants harassed her and disciplined her in retaliation for her having filed grievances. *Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir. 2002). Defendants must answer the allegations in the complaint. However, the complaint states no allegations against Lake County Jail Chief Witherspoon, and it appears that Plaintiff named Witherspoon solely in her supervisory role as Chief of Lake County Jail. A supervisory official is not liable for the actions of her subordinates under a theory of respondeat superior, and the supervisory official must have been personally involved in the alleged constitutional harm to be held liable. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996). Also, the complaint does not state who the John Doe defendants are or how they were involved. Accordingly, Witherspoon and the John Doe defendants are dismissed as defendants. The Lake County Jail is not a suable entity, and is also dismissed as a defendant. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

The United States Marshals Service is appointed to serve Lake County Jail Officers Oberg, Mic, Mercado, and Dixon. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, officials at the Lake County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on behalf of the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.