# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2519 | **DATE** | August 22, 2008 |
| **CASE TITLE** | Kimberly Ann Rothunde (R-38467) v. Witherspoon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's letter to the Court requests information about the payment of the filing fee and the appointment of counsel. [#12] To the extent Plaintiff seeks the appointment of counsel, the request is denied at this time. The filing fee for this case shall be paid in accordance with the Court's July 14, 2008 order and 28 U.S.C. § 1915(b). Plaintiff is advised that letters to the court are not permitted; requests should be made in the form of a motion and should be forwarded to the Prisoner Correspondent. A status hearing is set for September 23, 2008 at 9 a.m.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Kimberly Rothunde (R-38467), an inmate at Dwight Correctional Center, has forwarded a letter inquiring about the appointment of counsel. She states that she is unable to contact an attorney from prison.

A civil litigant, like plaintiff in this case, does not have a constitutional or statutory right to counsel. *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). A district court may, in its discretion, request that an attorney represent a party, if the party is unable to afford or obtain counsel, and the party is unable to represent herself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *see also Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). A court considers several factors when determining whether to appoint counsel: is the plaintiff financially unable to afford counsel; has the plaintiff made reasonable efforts to retain counsel; was the plaintiff effectively precluded from making such efforts; does the case involves complex issues and discovery or an evidentiary hearing, such that appointment of counsel would benefit the plaintiff; and can the plaintiff effectively represent herself. *Pruitt v. Mote,* 503 F.3d at 656-59; *Gil v. Reed*, 381 F.3d at 656. This case does not currently involve complex issues or discovery, as the defendants have not yet responded to the complaint. Also, plaintiff's pleadings demonstrate that she is competent to represent herself at this time. Accordingly, the request for the appointment of counsel is denied without prejudice to plaintiff or the court later considering whether such an appointment is necessary.

isk